**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JABARI J. JOHNSON,

Plaintiff,

vs. No. 1:25-cv-00779-WJ-DLM

STACY ELIZARDO, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court on the Prisoner's Complaint filed by Jabari J. Johnson (Doc. 1) ("Complaint"). The Court will dismiss the Complaint under Fed. R. Civ. P. 8, 12(b)(2), and 12(b)(6).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jabari J. Johnson filed his Prisoner's Complaint in this Court on August 14, 2025 (Doc. 1). At the time he filed suit, Plaintiff Johnson was apparently an inmate in the custody of the Colorado Department of Corrections. (Doc. 12). Plaintiff is a prolific litigator and claims to have filed more than 60 civil rights cases against prison officials, most of which have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Johnson v. Reyna*, 57 F.4th 769 (10th Cir. 2023).

In this case, he has filed a lawsuit seeking relief from this court regarding the conditions of his imprisonment and certain policies at a Colorado Department of Corrections facility in Canyon City, Colorado. (Doc. 1). Plaintiff summarizes his claim as follows:

> 'Lawsuit 1983 Not falling for their lies Elizardo is attempting to transfer me in retaliation to max custody stating that I cannot be here because this a medium yard. I arrived here a year ago with medical actions due to Appeals 25-1080. The crazier part

> is CDOC put my name on a board as a sex offender attempting to get me killed. Attempting to send me back to max to be killed when I was sent here a year ago due to defending myself from assault because CDOC labeled me a sex offender"

(Doc. 1 at 11).

The body of the Complaint contains rambling, incoherent allegations of retaliation by Elizardo and other individuals at a CDOC detention facility. (Doc. 1 at 6-7). In his prayer for relief, Plaintiff states:

> "All defendants are being sued for 5 million a piece for both punitive and compensatory damages, also both 5 million for damages."

(Doc. 1 at 8).

## II. ANALYSIS OF PLAINTIFF JOHNSON'S CLAIMS

### A. The Court Lacks Personal Jurisdiction over Plaintiff's Complaint.

The Complaint contains no factual allegations as to how any defendants or acts relate to New Mexico. The body of the Complaint makes vague allegations about conditions at a Colorado detention facility but does not include any allegations that even mention New Mexico, much less show any factual connection to New Mexico. In the absence of any allegations that any defendant is present in the State of New Mexico or that Plaintiff's claims have any connection to the State of New Mexico, it does not appear from the face of the Complaint that the Court has any jurisdiction over any defendants or claims, and the case is subject to dismissal under Fed. R. Civ. P. 12(b)(2).

Personal jurisdiction is an affirmative defense. However, the Tenth Circuit Court of Appeals has previously held that a district court may, in certain circumstances, properly dismiss an action based on an affirmative defense where the defense clearly appears on the fact of the complaint. *See Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Fratus v. Deland,* 49 F.3d

673, 674–75 (10th Cir.1995). The lack of jurisdiction is clearly apparent on the face of the Complaint.

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The "minimum contacts" standard may be met, consistent with due process, "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). A district court's exercise of personal jurisdiction over defendant must also be reasonable in light of the circumstances surrounding the case. *See id.* at 477–78.

The Complaint does not establish any, much less minimum, contacts with the State of New Mexico. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472. It appears clear from the face of the Complaint that the Court lacks personal jurisdiction over any possible defendants and claims, and the Court will dismiss the Complaint under Fed. R. Civ. P. 12(b)(2).

**B. Plaintiff's Complaint Does Not Meet Fed. R. Civ. P. 8(a) Pleading Requirements**

The decision to strike a pleading or to dismiss an action without prejudice for failure to comply with Fed. R. Civ. P. 8 is within the sound discretion of the district court. *See Kuehl v. FDIC,* 8 F.3d 905, 908 (1st Cir.1993); *Atkins v. Northwest Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir.1992); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). In order to state a claim for relief, Rule 8(a) requires a plaintiff's complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that [he] is entitled to relief, and (3) a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. 8(a). Although the Court is to construe *pro se* pleadings liberally, a *pro se* plaintiff must follow

the rules of federal and appellate procedure, *see Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000). Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989). Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings that bury material allegations in "a morass of irrelevancies" do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

Plaintiff's filings do not comply with the requirements of Rule 8. Plaintiff's filings bury any material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s "short and plain statement" pleading requirement. *Mann*, 477 F.3d at 1148; *Ausherman,* 643 F.2d at 716. The Court will dismiss Plaintiff's Complaint on the grounds that it violates the requirements of Fed. R. Civ. P. 8(a).

**C. Plaintiff's Complaint Fails to State a Claim**

Alternatively, the Complaint fails to state a claim for relief and is frivolous. The Court has the discretion to dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider

matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

Although not entirely clear, it appears Plaintiff may be trying to assert civil rights claims. (Doc. 1 at 3-7). 42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006) (claims against state actors for violation of § 1981 must be brought under 42 U.S.C. § 1983). the Court construes Johnson's claims for violation of rights under the Constitution brought pursuant to 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint does not make any factual allegations of any act or omission by any individual official, nor does it contain allegations that conduct by any official resulted in deprivation of a constitutional right. Without any allegations of personal involvement, the allegations are insufficient to state a claim upon which relief can be granted. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948. Nor do generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff's allegations do not support any plausible claim against any Defendant. Plaintiff's allegations about his detention are nearly incomprehensible. Often, his words do not form coherent sentences or convey clear thoughts. His allegations do not support any viable claim for relief and will be dismissed under Fed. R. Civ. P. 12(b)(6).

## III. THE COURT WILL NOT GRANT LEAVE TO AMEND

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court will deny Plaintiff Johnson leave to amend in this case because the Court concludes any amendment would be futile. Because Plaintiff Johnson has submitted the same or similar claims to multiple federal courts, and his current complaint is devoid of any allegations connecting his claims to New Mexico, the Court would lack jurisdiction over any claims he might make and the amended complaint would be subject to dismissal as futile. Moreover, his allegations are largely incoherent and wholly fail to state any claim for relief. As such, there is nothing in his current complaint that could be cured by an amendment to his pleading. Therefore, the Court will dismiss the Complaint and enter final judgment in this case.

**IT IS ORDERED** that the Prisoner's Complaint filed by Plaintiff Jabari J. Johnson (Doc. 1) is **DISMISSED without prejudice** under Fed. R. Civ. P. 8, Fed. R. Civ. P. 12(b)(2), and/or Fed. R. Civ. P. 12(b)(6).

/s/

WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE